MANN, Judge
(dissenting).
Instead of filing a motion for rehearing pursuant to Rule 1.530, F.R.C.P., 31 F.S.A., within ten days after the entry of the judgment appealed from, or even after ten days under Rule 1.540(b) (1), the appellant’s counsel, who was, I agree, entitled to proceed with the appellant’s witnesses, took this appeal. In support of his position here, after taking this appeal, he filed in the trial court and directed the clerk to include in the record-on-appeal an affidavit stating that the trial judge had told counsel that the court would set a date for taking of further testimony. I find no authority in F.A.R. 3.6, 32 F.S.A., or elsewhere for the reception in an appellate court of such an affidavit, and I think it erosive of sound judicial procedure to consider it. The able trial judge who heard this case would doubtless have allowed the reception of further testimony if the request had been made in the appropriate court. There is a provision in the appellate rules for the submission of affidavits in support of motions. F.A.R. 3.9, subd. g, but I would not consider on the merits anything except the record in the trial court, which indicates that the judge expected counsel to set the matter for further proceedings. The hearing was held December 10, 1968. The judgment was entered April 15, 1969. No motions were filed in the meantime or thereafter. The record properly before us supports the judgment.
I would affirm without prejudice to the filing of a proper motion under F.R.C.P. 1.540(b) (1) or, at least, submit the matter of the record to the trial judge under F.A. R. 3.6, subd. I so that it may be corrected or completed. In view of the time limitation in F.R.C.P. 1.540(b) the former seems the better procedure.